IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VALDO GUILFORD, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-1945 |
| | : | |
| FCI WILLIAMSBURG, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**MARSTON, J.**                                                                 **June 16, 2022**

*Pro se* Plaintiff Valdo Guilford filed a Complaint against two federal prisons at which he was formerly housed, alleging that he was detained beyond the expiration of his sentence. Guilford seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Guilford leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Because Guilford's Complaint will be dismissed without prejudice, he will be granted the option of filing an amended complaint.

**I.      FACTUAL ALLEGATIONS**

The factual allegations in Guilford's Complaint are brief. He alleges that he was federally indicted in November 2014 and taken into custody at FDC Philadelphia at that time. (Compl. at 3.)[1] In June 2019, he was sentenced to 72 months of imprisonment. (*Id*.)[2] Guilford states that he was over-detained by FDC Philadelphia and then transferred to FCI Williamsburg. (*Id*.) He alleges that he was over-detained for approximately 608 days. (*Id*. at 4.) Based on

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

[2] The Court is unable to locate any public federal criminal record for Guilford.

these facts, Guilford seeks money damages for pain and suffering, mental anguish, and emotional distress. (*Id.*)

## II.    STANDARD OF REVIEW

The Court grants Guilford leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Guilford is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013)).

## III.    DISCUSSION

Although Guilford does not provide a constitutional or statutory basis for his claims, the Court construes his Complaint as a civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971). *See Holley v. Dep't of*

*Veteran Affairs*, 165 F.3d 244, 248 (3d Cir. 1999) ("We apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name.").[3]  *Bivens* provides a damages remedy for constitutional violations committed by federal actors in very limited circumstances.  *See Egbert v. Boule*, No. 21-147, --- S. Ct. ---, 2022 WL 2056291, at *3 (U.S. June 8, 2022); *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017).[4]  Since *Bivens* was decided in 1971, the Supreme Court has expressly recognized an implied cause of action in only three types of cases, *see Abbasi*, 137 S. Ct. at 1854–55, and "has repeatedly refused to recognize *Bivens* actions in any new contexts," *Vanderlok*, 868 F.3d at 199; *see also Egbert*, 2022 WL 2056291, at *3 (reversing the Ninth Circuit Court of Appeals' extension of *Bivens* to a Fourth Amendment excessive force claim and a First Amendment retaliation claim against a U.S. Border Patrol agent "[b]ecause our cases have made clear that, in all but the most unusual circumstances, prescribing a cause of action is a job for Congress, not the courts").[5]

---

[3] "[A]ctions brought directly under the Constitution against federal officials have become known as '*Bivens* actions.'" *Vanderklok v. United States*, 868 F.3d 189, 198 (3d Cir. 2017).

[4] Historically, federal law has provided a damages remedy to individuals whose constitutional rights were violated by *state* officials.  *See* 42 U.S.C. § 1983.  In *Bivens,* the Supreme Court for the first time implied such a cause of action for constitutional violations by federal officials, holding that "even absent statutory authorization, it would enforce a damages remedy to compensate persons injured by federal officers who violated the [Fourth Amendment] prohibition against unreasonable search and seizures."  *Abbasi*, 137 S. Ct. at 1854 (citing *Bivens*, 403 U.S. at 397).

[5] The only three cases where the Supreme Court has recognized an implied private action against federal officials are as follows:  (1) *Bivens* itself, which recognized an implied cause of action for violation of the Fourth Amendment's right against unreasonable searches and seizures; (2) *Davis v. Passman*, 442 U.S. 228 (1979), which recognized a claim for gender discrimination in the employment context under the Fifth Amendment's Due Process Clause; and (3) *Carlson v. Green*, 446 U.S. 14 (1980), which recognized a claim against prison officials for inadequate medical care in the prison context under the Eighth Amendment.  *See Abbasi*, 137 S. Ct. at 1855 ("These three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the [Supreme] Court has approved of an implied damages remedy under the Constitution itself."); *see also Dongarra v. Smith*, 27 F.4th 174, 180 (3d Cir. 2022) ("[T]he [Supreme Court has

The Court is unaware of any cases in which a court has extended *Bivens* to over-detention claims.[6] Even assuming that *Bivens* is an available remedy here, any *Bivens* claims Guilford intends to assert must nevertheless be dismissed because he has only named defendants that are immune from *Bivens* liability. *Bivens* claims may not be brought against the United States or federal agencies. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *Lewal v. Ali*, 289 F. App'x 515, 516 (3d Cir. 2008) (*per curiam*) ("*Bivens* claims against the United States are barred by sovereign immunity, absent an explicit waiver."); *Ynfante v. United States*, No. 13-767, 2015 WL 631055, at *5 (M.D. Pa. Feb. 12, 2015) ("[A] *Bivens* claim can only be asserted against individual officials."). FCI Williamsburg and FDC Philadelphia — the only two named Defendants in Guilford's Complaint — are federal agencies and thus immune from suit under *Bivens*. *See Mark v. Patton*, No. 14-1623, 2014 WL 6973495, at *4 (E.D. Pa. Dec. 9, 2014) (dismissing *Bivens* claim against FDC Philadelphia because "*Bivens* cannot be pursued directly against federal agencies"), *aff'd*, 696 F. App'x 579 (3d Cir. 2017); *Amadi v. FCI Fort Dix Health Servs.*, No. 04-2712, 2006 WL 3327985, at *2–3 (D.N.J. Nov. 14, 2006) (dismissing *Bivens*

---

recognized these implied causes of actions for constitutional violations in only three contexts: *Bivens*; *Davis* []; and *Carlson*.").

[6] In fact, at least one district court has expressly declined to extend *Bivens* to over-detention claims. *See Wormley v. United States*, 601 F. Supp. 2d 27, 36–37 (D.D.C. 2009) (refusing to recognize a *Bivens* remedy for over-detention claims where the plaintiff had other remedies available and in light of "the Court of Appeals' and the Supreme Court's warnings against overextension of *Bivens* remedies" and noting that it was "wary, for example, of establishing overdetention as an act for which monetary damages are available from federal officials" as that "seems to be a situation where Congress might be better equipped to weigh the long-term effects of various possible remedial schemes and choose the best option"); *cf. Bistrian v. Levi*, 912 F.3d 79, 95 (3d Cir. 2018) "[T]he punitive detention claim does amount to an extension of *Bivens* into a new context, and special factors do counsel against a new *Bivens* remedy in that context, so we hold there is no *Bivens* cause of action for that alleged violation of the Fifth Amendment."").

claim against FCI Fort Dix because "*Bivens* actions may only be maintained against federal agents"). As Guilford has named two federal prisons as Defendants, any *Bivens* claims must be dismissed.

Liberally construing the Complaint, it is possible Guilford also intends to raise claims under the Federal Torts Claim Act ("FTCA"). The FTCA waives the United States' sovereign immunity for claims sounding in state tort law for money damages. *See* 28 U.S.C. § 2674 (waiving sovereign immunity to make the United States liable "in the same manner and to the same extent as a private individual under like circumstances"); *Sosa v. Alvarez-Machain*, 542 U.S. 692, 700 (2004) ("The FTCA 'was designed primarily to remove the sovereign immunity of the United States from suits in tort, with certain specific exceptions, to render the Government liable in tort as a private individual would be under like circumstances.'" (quoting *Richards v. United States*, 369 U.S. 1, 6 (1962))); *White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 456–57 (3d Cir. 2010). However, this waiver of immunity is subject to certain limitations and jurisdictional requirements. For example, the United States is the only proper defendant in an FTCA action. *See CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008). In addition, a plaintiff must exhaust administrative remedies as a prerequisite to filing a lawsuit under the FTCA. *See* 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing[.]"). In other words, "[n]o claim can be brought under the FTCA unless the plaintiff first presents the claim to the appropriate federal agency and the agency renders a final

decision on the claim." *Shelton v. Bledsoe*, 775 F.3d 554, 569 (3d Cir. 2015) (stating that exhaustion is "jurisdictional and cannot be waived"); *see also Burrell v. Loungo*, 750 F. App'x 149, 154–55 (3d Cir. 2018). A plaintiff "must . . . plead administrative exhaustion in an FTCA case." *Colbert v. U.S. Postal Serv.*, 831 F. Supp. 2d 240, 243 (D.D.C. 2011). Because Guilford has not named the United States and because he has not pled any facts about administrative exhaustion, any FTCA claim he may have intended must be dismissed.

Even if Guilford had named the proper defendant for a *Bivens* or FTCA claim, the Complaint would nevertheless be dismissed because Guilford has not alleged sufficient facts to state a plausible claim. Guilford merely alleged in a vague and conclusory fashion that he was over-detained. He has not pled the circumstances of his alleged over-detention, including when his sentence terminated, when the period of alleged over-detention began, or when he was released from Bureau of Prisons' custody. Nor has he provided any information about who was responsible for the alleged over-detention. Without additional information, the Court is unable to discern whether Guilford can state a plausible *Bivens* or FTCA claim.

## IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss Guilford's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Considering Guilford's *pro se* status, he will be given the option of filing an amended complaint in the event he can plead additional facts to state a basis for a plausible claim.

An appropriate Order follows.