IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VALDO GUILFORD,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-1945 |
| | : | |
| **FCI WILLIAMSBURG,** *et al.*, | : | |
| Defendants. | : | |

**MEMORANDUM**

**MARSTON, J.**                                                                                           **September 6, 2022**

Currently before the Court is an Amended Complaint filed by *pro se* Plaintiff Valdo Guilford, which again raises claims against two federal prisons. (Doc. No. 6.) Guilford alleges that he was detained at these prisons beyond the expiration of his sentence. The Court previously granted Guilford leave to proceed *in forma pauperis*, screened his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and dismissed the Complaint without prejudice. (Doc. Nos. 4–5.). Because Guilford has again failed to state a plausible claim, the Amended Complaint will be dismissed.

**I.      BACKGROUND**

In his initial Complaint, Guilford named two federal prisons—FDC Philadelphia and FCI Williamsburg—as Defendants. (Doc. No. 2 at 1–2.)[1] He alleged that after he was taken into federal custody in November 2014 and sentenced to 72 months of imprisonment in June 2019, he was over-detained at the prisons for approximately 608 days. (*Id*. at 3–4.)

In a June 16, 2022 Memorandum and Order, the Court granted Guilford leave to proceed *in forma pauperis* and screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). (Doc.

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

Nos. 4–5.) The Court liberally construed the Complaint as asserting claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971)[2] and under the Federal Torts Claim Act ("FTCA"). (Doc. No. 4 at 2, 5.) The Court dismissed the *Bivens* claims because Guilford only named Defendants immune from *Bivens* liability. (*Id.* at 4–5.) The Court dismissed the FTCA claims because Guilford failed to name the only proper defendant in an FTCA action—the United States—and failed to plead any facts showing that he had first exhausted his administrative remedies, which is a prerequisite to filing an FTCA lawsuit. (*Id.* at 5–6.) The Court gave Guilford an opportunity to file an amended complaint to cure the defects it noted as to his *Bivens* and FTCA claims. (*Id.* at 6; Doc. No. 5 at 1–2.)

Guilford returned with an Amended Complaint that named the same federal prison Defendants—FDC Philadelphia and FCI Williamsburg. (Doc. No. 6 at 2.) In his Amended Complaint, Guilford similarly alleges that he was taken into custody in 2014 and sentenced to 72 months imprisonment in 2019. (*Id.* at 5.) Guilford states that he should have been released in 2020 but was instead held 608 days over his sentence. (*Id.*) As a result of his alleged over-detention, he suffered mental distress and seeks one million dollars in damages. (*Id.*)

## II.   STANDARD OF REVIEW

As Guilford is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether an amended complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to

---

[2] "[A]ctions brought directly under the Constitution against federal officials have become known as '*Bivens* actions.'" *Vanderklok v. United States*, 868 F.3d 189, 198 (3d Cir. 2017).

determine whether the amended complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Guilford is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013)).

**III.   DISCUSSION**

Assuming that *Bivens* is an available remedy for over-detention claims,[3] Guilford has again named the same immune Defendants he named in his original Complaint. As the Court

---

[3] As the Court noted in its June 16 Memorandum, *Bivens* provides a damages remedy for constitutional violations committed by federal actors in very limited circumstances. *See Egbert v. Boule*, 142 S. Ct. 1793, 1799–1800 (2022); *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017). Since *Bivens* was decided in 1971, the Supreme Court has expressly recognized an implied cause of action in only three types of cases, *see Abbasi*, 137 S. Ct. at 1854–55, and "has repeatedly refused to recognize *Bivens* actions in any new contexts," *Vanderlok*, 868 F.3d at 199. The Court is unaware of any cases in which a court has extended *Bivens* to over-detention claims. In fact, at least one district court has expressly declined to do so. *See Wormley v. United States*, 601 F. Supp. 2d 27, 36–37 (D.D.C. 2009) (refusing to recognize a *Bivens* remedy for over-detention claims where the plaintiff had other remedies available and in light of "the Court of Appeals' and the Supreme Court's warnings against overextension of *Bivens* remedies" and noting that it was "wary, for example, of establishing overdetention as an act for which monetary damages are available from federal officials" as that "seems to be a situation where Congress might be better equipped to weigh the long-term effects of various possible remedial schemes and choose the best option"); *cf. Bistrian v. Levi*, 912 F.3d 79, 95 (3d Cir. 2018) ("[T]he punitive detention claim does amount to an extension of *Bivens* into a new context, and special factors do counsel against a new *Bivens* remedy in that context, so we hold there is no *Bivens* cause of action for that alleged violation of the Fifth Amendment.").

stated in its June 16 Memorandum, *Bivens* claims may not be brought against the United States or federal agencies. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *Lewal v. Ali*, 289 F. App'x 515, 516 (3d Cir. 2008) (*per curiam*) ("*Bivens* claims against the United States are barred by sovereign immunity, absent an explicit waiver."). FCI Williamsburg and FDC Philadelphia—the only two named Defendants in Guilford's Amended Complaint—are federal agencies and thus immune from suit under *Bivens*. *See Mark v. Patton*, No. 14-1623, 2014 WL 6973495, at *4 (E.D. Pa. Dec. 9, 2014) (dismissing *Bivens* claim against FDC Philadelphia because "*Bivens* cannot be pursued directly against federal agencies"), *aff'd*, 696 F. App'x 579 (3d Cir. 2017); *Amadi v. FCI Fort Dix Health Servs.*, No. 04-2712, 2006 WL 3327985, at *2–3 (D.N.J. Nov. 14, 2006) (dismissing *Bivens* claim against FCI Ford Dix because "*Bivens* actions may only be maintained against federal agents"). Accordingly, the *Bivens* claims must be dismissed.

Guilford's FTCA claims, to the extent he raises any, fare no better. Again, Guilford has not named the United States as a Defendant and has not pled facts showing that he first exhausted his administrative remedies. As the Court noted in its June 16 Memorandum, the FTCA waives the United States' sovereign immunity for claims sounding in state tort law for money damages. 28 U.S.C. § 2674; *Sosa v. Alvarez-Machain*, 542 U.S. 692, 700 (2004); *White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 456–57 (3d Cir. 2010). However, this waiver of immunity is subject to certain limitations and jurisdictional requirements. For example, the United States is the only proper defendant in an FTCA action. *See CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008). In addition, a plaintiff must exhaust administrative remedies as a prerequisite to filing a lawsuit under the FTCA. *See* 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States for money damages for injury or loss of

property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing[.]"); *see also Colbert v. U.S. Postal Serv.*, 831 F. Supp. 2d 240, 243 (D.D.C. 2011) (stating that a plaintiff "must . . . plead administrative exhaustion in an FTCA case"). Because Guilford has not named the United States and because he has not pled any facts about administrative exhaustion, the FTCA claims must also be dismissed.

IV.     **CONCLUSION**

For the foregoing reasons, the Court will dismiss Guilford's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Because Guilford has already been given an opportunity to cure the defects in his claims and has been unable to do so, any further amendment would be futile. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story").

An appropriate Order follows.